UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JULISSA DEL CARMEN NOLASCO,<br><br>Plaintiff,<br><br>-against-<br><br>KIM I. McHALE and<br>KIM I. McHALE & ASSOCIATES, P.C.,<br><br>Defendants. | **COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Julissa Del Carmen Nolasco alleges as follows for her Complaint against defendants Kim I. McHale and Kim I. McHale & Associates, P.C.:

**Summary of Claim**

1. This legal malpractice case is about a lawyer and her firm who lost a strong personal injury case without a court ever reaching the merits. They missed court-ordered deadlines, stopped watching the docket, defaulted on a motion to dismiss the case, and then blamed their computers.

2. The underlying case was simple. On March 14, 2014, plaintiff Julissa Del Carmen Nolasco was driving through Brooklyn with her two young daughters and her sister when another driver ran a stop sign and slammed into the driver's side of her car, knocking it off the road and into a tree. Plaintiff tore her rotator cuff, which required surgery. She also suffered herniated discs in her lower back and a concussion that left her with lasting headaches and vertigo.

3. Plaintiff hired defendants Kim I. McHale and Kim I. McHale & Associates, P.C. to handle her case. They ignored court-ordered discovery deadlines. When the other side moved to strike plaintiff's complaint for that reason, defendants never responded. On September 16,

2020, the court granted the unopposed motion and dismissed the case. Defendants did not notice for more than two months.

4. Defendants then tried to undo the damage by filing a motion to vacate in which they attempted to excuse their default by blaming a "colossal failure" of their computer calendar and the COVID-19 pandemic. Two courts rejected that excuse. The Appellate Division found that defendants had not shown the computer problems were still going on when the motion was due, and had not explained why they never simply asked for more time. Defendants then filed the same case again. It was dismissed too, because of the "general pattern of delay" defendants had shown the first time. Defendants filed a notice of appeal and then abandoned it.

5. None of this had to happen. The other driver ran a stop sign in violation of New York Vehicle and Traffic Law § 1142 and hit plaintiff while she had the right of way. Liability was clear, and the driver and the car's owner had the means to pay a judgment. Had defendants fulfilled their basic obligations by meeting discovery deadlines, complying with court orders, watching the docket, and responding to the motion to dismiss, plaintiff would have recovered substantial damages for her pain and suffering and lost earnings. Defendants' negligence took that recovery from her. This action seeks to make her whole.

**The Parties**

6. Plaintiff Julissa Del Carmen Nolasco is a resident and citizen of the State of Florida.

7. Defendant Kim I. McHale is an attorney admitted to practice law in the State of New York, and, upon information and belief, is domiciled in New York.

8. Defendant Kim I. McHale & Associates, P.C. (the "McHale Firm") is a law firm formed as a professional corporation under New York law, with a place of business at 225 Broadway, New York, New York.

9. Upon information and belief, defendant Kim I. McHale is a principal and/or employee of the McHale Firm and was responsible for the handling of plaintiff's legal matter described in this Complaint. Kim I. McHale and the McHale Firm are united in interest and shall be referred to collectively as "McHale."

**Jurisdiction and Venue**

10. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because plaintiff is a citizen of Florida, defendants are citizens of New York, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) because, upon information and belief, defendants are doing business within this District and the McHale Firm is domiciled here and a substantial part of the events or omissions occurred in this District.

**The Car Accident**

12. Plaintiff Julissa Del Carmen Nolasco is the mother of Angelic Rosado and Ashley Velasquez. At the time of the accident described below, Rosado and Velasquez were both minor children.

13. On March 14, 2014, plaintiff was driving westbound on Pitkin Avenue in Brooklyn, New York, with Rosado, Velasquez, and her sister as passengers in the vehicle.

14. At the intersection of Pitkin Avenue and Elton Street in Brooklyn, a vehicle operated by Kendra Leona Michel and owned by Leo Michel failed to stop at a stop sign and

struck plaintiff's vehicle broadside on the driver's side, causing plaintiff's vehicle to leave the roadway and strike a tree.

15. Plaintiff had the right of way and was traveling at approximately 20 miles per hour at the time of the impact. Kendra Leona Michel was operating the vehicle in a careless and reckless manner and at an excessive rate of speed.

16. Plaintiff's vehicle was totaled in the accident:







**Plaintiff's Injuries**

17. As a result of the accident, plaintiff sustained multiple permanent traumatic injuries constituting "serious injury" under New York Insurance Law § 5102, including a right shoulder rotator cuff tear, tendinopathy, sprain, and impingement; lumbar disc herniations at L4/5 and L5/S1 with foraminal narrowing and nerve root abutment; a posterior disc bulge at L3/4; a head concussion; post-concussive syndrome; post-traumatic paroxysmal vertigo; cervicogenic headache syndrome with occipital neuralgia and cervical myofascitis; and a left

tibia sprain, among other injuries constituting: (a) permanent loss of use of a body organ, member, function or system; (b) permanent consequential limitation of use of a body organ or member; (c) significant limitation of use of a body function or system; and (d) a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment.

18. Plaintiff underwent extensive medical treatment for these injuries, including emergency transport on the date of the accident, orthopedic consultations, neurological treatment, physical therapy, cortisone injections, occipital nerve blocks, trigger point injections, and prescription pain medication.

19. On May 22, 2015, plaintiff underwent arthroscopic surgery to repair a partial rotator cuff tear of her right shoulder.

20. Plaintiff's injuries are permanent in nature. Plaintiff continues to experience severe pain in her right shoulder and lower back, as well as daily headaches, with significant limitations on her activities of daily living. She was confined to bed and home for approximately two weeks following the accident and was unable to work for approximately one year.

**Parties Legally Responsible for the Accident**

21. Kendra Leona Michel ("Kendra") was the operator of the vehicle that struck plaintiff's vehicle on March 14, 2014.

22. Leo Michel ("Leo") was the owner of the vehicle operated by Kendra that struck plaintiff's vehicle on March 14, 2014.

23. Leo has been an owner of the real property located at 2161 Pacific Street, Brooklyn, New York (the "Pacific Street Property") since 1999.

24. The Pacific Street Property is a four-story residential apartment building with eight (8) residential units.

25. According to PropertyShark estimates, the Pacific Street Property generates annual rental income in the amount of $147,924 as of 2026.

26. As of 2026, there are no mortgages of record relating to the Pacific Street Property.

27. Leo is an owner of real property located at 107-12 133rd Street, Richmond Hill, New York (the "Richmond Hill Property") and has been since 2009.

28. As of 2026, it is estimated that the Richmond Hill Property is worth over $980,000.

29. Upon information and belief, Kendra has been gainfully employed since at least 2016 as a registered behavioral therapist with Achieve Beyond.

30. Upon information and belief, Kendra has been licensed in New York as an occupational therapist since 2021.

**The First Lawsuit**

31. Plaintiff initially retained attorney Donna Clancy to represent her in connection with her claims arising from the March 14, 2014, accident.

32. Clancy commenced a lawsuit on plaintiff's behalf in the Supreme Court of the State of New York, County of Kings against Leo and Kendra, captioned *Velasquez, et al. v. Leo, et al.* under Index No. 515526/16 (the "First Lawsuit").

33. The complaint in the First Lawsuit incorrectly identified the defendants as Michel Leo and Michel Kendra Leona.

34. The complaint in the First Lawsuit asserted claims of negligence seeking damages for the serious personal injuries plaintiff sustained as a result of the negligence of Kendra in failing to obey a stop sign and striking plaintiff's vehicle. As the owner of the vehicle involved in the underlying accident, Leo was also liable under New York Vehicle and Traffic Law § 388(1).

**Retainer of Defendants**

35. According to its website, the McHale Firm claimed to have experience handling personal injury matters, including "Auto Accidents":




**Practice Areas**

**Medical Malpractice • Personal Injury • Product Liability • Workers Compensation • Criminal Defense • Commercial Litigation • Insurance Defense**

**Medical Malpractice**

Medical malpractice occurs when a health care provider does not practice in accordance with the standard of care required for their area of practice when treating a patient, and this failure causes or contributes to injuring the patient.

**Personal Injury**

If you or a loved one has been hurt, you may be able to get you money damages for injuries, harms and/or losses caused by another party's negligence. If you have been injured in a car accident, hurt at work, tripped and fell, harmed by a defective product, used an unsafe drug, were hurt on unsafe premises, were a victim of a construction accident, harmed by a physical assault or even bit by a dog, you may have a case.

Auto Accidents Bicycle Accidents Boating Accidents Broken Bones and Fractures Burn and Scar Injury Cases Dog Bites Drunk Driving Accidents Slip & Fall Injury Accident Swimming Accidents Wrongful Death Truck Accidents and Motorcycle accidents. We handle them all. We have even represented victims of the World Trade Center Attacks.

36. In or around July 2018, plaintiff retained defendants Kim I. McHale and Kim I. McHale & Associates, P.C. to represent plaintiff in the First Lawsuit.

37. In or around July 2018, Kim I. McHale and the McHale Firm appeared as attorneys of record for plaintiff in the First Lawsuit.

38. McHale never sought to amend the complaint in the First Lawsuit in order to correctly identify Leo and Kendra.

39. Beginning in or around July 2018, and from that point forward, Kim I. McHale and the McHale Firm were responsible for all aspects of the litigation, including compliance with court-ordered discovery, and responding to motions filed by the opposing parties.

40. In accepting the retainer, McHale expressly or impliedly agreed to comply with their professional obligations under the New York Rules of Professional Conduct.

41. As plaintiff's attorneys in the First Lawsuit, McHale owed plaintiff a duty to render legal services in a competent and professional manner and to act with ordinary and reasonable skill, care, and diligence.

**McHale's Negligent Handling of the First Lawsuit**

42. Counsel for Leo and Kendra served multiple demands for discovery during the pendency of the First Lawsuit.

43. In addition, the court issued multiple discovery scheduling orders, including orders entered on March 15, 2019, July 24, 2019, and December 10, 2019, each directing McHale to provide supplemental bills of particulars and respond to open discovery requests, and directing plaintiff to appear for deposition and an independent medical examination.

44. Although McHale made some efforts to provide discovery during 2019, material deficiencies in the discovery responses remained well into 2020.

45. On June 29, 2020, counsel for Leo and Kendra filed a motion, under CPLR § 3126, to strike plaintiff's complaint in the First Lawsuit based on McHale's failure to comply with court-ordered discovery.

46. The motion was fully available for McHale's review on NYSCEF, yet McHale failed entirely to oppose it.

47. By order dated September 16, 2020, the court granted the unopposed motion and dismissed plaintiff's complaint in the First Lawsuit (the "Default Order"):



At a Centralized Compliance Part of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, located at Civic Center, Borough of Brooklyn, City and State of New York, on the 16 day of September, 2020

PRESENT:
HON. LAWRENCE KNIPEL
Justice/JHO

CAL. NO. 109

INDEX NO. 515526/16

Infant Plaintiffs A.V. and A.R., et al., Plaintiff(s),

-against-

Michel Leo and Michel Kendra Leona, Defendant(s)

ON CONSENT
ON DEFAULT ORDER
AFTER ORAL ARGUMENT

ORDER

| The following papers number 1 to read on this motion | Papers Numbered |
|---|---|
| Notice of Motion-Order to Show Cause and Affidavits (Affirmations) Annexed | |
| Answering Affidavit (Affirmation) | |
| Reply Affidavit (Affirmation) | |
| Affidavit (Affirmation) | |
| Pleadings-Exhibits | |
| Stipulations-Minutes | |
| Filed Papers | |

Defendants unopposed motion to dismiss the complaint pursuant to CPLR 3126 (ms-02) is granted and the complaint is dismissed. Plaintiffs failed to comply with orders dated 7/24/19 (Levine, J.), 12/10/19 (Colon, J.) requiring plaintiffs to complete their depositions and to provide other discovery.

For Clerk's Use Only
MG Sr-o
MD
Motion Seq. # 002
Retracked:
Standard
Complex

ENTER:

J.S.C./J.H.O.

HON. LAWRENCE KNIPEL

2020 SEP 21 AM 12:23

PRINT FIRM NAME SIGNATURE
ATTORNEY FIRM ____ by ____ FOR PLAINTIFF(S) ____
ATTORNEY FIRM ____ by ____ FOR DEFENDANT(S) ____

**McHale's Failure to Monitor the Case and the Failed Motion to Vacate**

48. McHale failed to monitor plaintiff's case file and the docket in the First Lawsuit, including failing to monitor NYSCEF filings from at least February 2020 through September 2020, and did not discover that the Default Order had been entered until a file review on November 20, 2020.

49. In December 2020, McHale moved to vacate the Default Order pursuant to CPLR Rule 5015(a)(1).

50. In support of the motion, Kim McHale submitted a sworn affirmation stating that the default was caused by a "colossal failure" of her firm's calendaring systems, compounded by disruption caused by the COVID-19 pandemic:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
----------------------------------------------------------------X
INFANT PLAINTIFFS ASHLEY VELASQUEZ and ANGELIC ROSADO and their m/n/g JULISSA DEL CARMEN NOLASCO and JULISSA DEL CARMEN NOLASCO, individually,

Plaintiffs,

-against-

MICHEL LEO and MICHEL KENDRA LEONA,

Defendants.
----------------------------------------------------------------X

Index No.: 515526/2016E

**AFFIRMATION IN SUPPORT**

KIM I. MCHALE, proprietor of the THE McHALE LAW FIRM, PC., and an attorney admitted to practice before the Courts of this State affirms the truth of the following under the penalty of perjury:

1. I KIM I. MCHALE, proprietor of the McHale Law Firm, attorneys for the Plaintiff, herein and as such I am fully familiar with the facts and circumstances of this action based upon a review of the case file and the investigation materials contained therein.

2. This affirmation is submitted in support of Plaintiff's application seeking an Order pursuant to CPLR § 5015 vacating Plaintiff's Default and CPLR § 2005excusing Plaintiff's inadvertent default in inadvertently failing to respond to a discovery motion and restoring this case to active status on the courts active case calendar, and for such other and further relief as to this Court seems just and proper.

3. Plaintiff's default was solely caused by a colossal failure of the office's computer calendaring systems and email merge, fully described and documented herein. The cause of the default was further compounded by the CoVid-19 pandemic which prompted a physical evacuation of the NYC office after my calendar staff contracted severe cases of the coronavirus. While a remote makeshift office was set up the month prior to the default, redundancies were not yet in place and the skeleton crew failed to discover the failure until a recent file review.

51. By order dated February 17, 2021, the court denied McHale's motion to vacate, ruling that the alleged problems with the firm's computer calendar system were insufficient to demonstrate law office failure, and noting that McHale had failed to submit affidavits from the

office staff responsible for creating the calendar entries or the computer personnel who purportedly repaired the system.

**The Appeal**

52. On April 9, 2021, McHale appealed the denial of the motion to vacate.

53. On appeal, McHale attempted to reverse the dismissal on the grounds of excusable law office failure. McHale's argument centered on the affirmation of Kim McHale describing how corruption of the firm's digital calendaring system, including its integration with emailed messages, produced inaccurate deadline reports, so that her office was never alerted to respond to defendants' CPLR § 3126 motion. In making this excuse, Kim McHale admitted several missteps: (a) the firm's calendaring, email-merge, and notification systems had all failed simultaneously; (b) despite being trained on the system herself, she did not catch the error and only discovered the resulting dismissal order months later during a November 20, 2020 file review; (c) the firm had set up a remote makeshift office roughly a month before the default but had not yet built in redundancies, so a "skeleton crew" failed to timely discover the problem; and (d) she conceded the firm struggled generally to recover from the system failure's impact.

54. By Decision and Order dated August 30, 2023, the Appellate Division, Second Department, affirmed the denial of McHale's motion to vacate. *V. v Leo*, 219 A.D.3d 961 (2d Dep't 2023).

55. The Appellate Division held that McHale failed to establish a reasonable excuse for the default in opposing the motion to strike. The Court found that Kim McHale's explanation was insufficient because she had "failed to substantiate that the computer trouble was ongoing in September 2020, the time that the defendants' motion was originally returnable..." and because

"no explanation was given for [Kim McHale's] failure… to contact the defendants' counsel or the court to seek an extension of time to oppose the defendants' motion."

**The Second Lawsuit**

56. On January 23, 2024, McHale filed a second lawsuit on plaintiff's behalf against Leo Michel and Kendra Leona Michel in Supreme Court, Queens County under Index No. 701752/2024 captioned *Julissa Nolasco et al. v. Leo Michel et al.* (the "Second Lawsuit").

57. The claims asserted in the Second Lawsuit were identical to those in the First Lawsuit that had been dismissed.

58. On April 15, 2024, counsel for Leo Michel and Kendra Leona Michel moved to dismiss the complaint in the Second Lawsuit on the grounds that the claims were barred by the doctrine of collateral estoppel, based on the dismissal of the First Lawsuit, and that the case was not eligible for re-filing under CPLR § 205 because the First Lawsuit had been dismissed because of McHale's neglect to prosecute as evidenced by their repeated pattern of failing to comply with the court's orders.

59. McHale opposed the motion and submitted an affirmation from Kim McHale in which she stated that she "inadvertently failed to oppose the defendants' motion due to a corruption in my office's digital calendaring system, including the system's integration of emailed messages…" and that she and her staff "were entirely unaware we missed the motion." Kim McHale further stated that she "accept[ed] responsibility for this incident…"

60. By Decision and Order entered on January 15, 2025, the court granted the motion and dismissed plaintiff's claims in the Second Lawsuit. The court held that the prior dismissal order had adequately recited McHale's "conduct that demonstrated a general pattern of delay in

proceeding with the litigation…" as well as McHale's "failure to comply with the discovery obligations."

61. McHale filed a notice of appeal from the Decision and Order entered on January 15, 2025 but never perfected the appeal.

62. The First and Second Lawsuits were dismissed, and all of plaintiff's claims arising from the 2014 accident were irretrievably lost, as a direct result of McHale's failures.

**Cause of Action for Legal Malpractice**

63. Plaintiff repeats and realleges every allegation of this Complaint.

64. Plaintiff retained defendants Kim I. McHale and the McHale Firm to represent and advise her in connection with her personal injury claims arising from the March 14, 2014, accident, and in the prosecution of the First Lawsuit and in the prosecution of the Second Lawsuit continuing until the January 15, 2025 dismissal of the Second Lawsuit.

65. Kim I. McHale and the McHale Firm acted as plaintiff's attorneys beginning with the retainer in July 2018, and on a continuous basis thereafter, continuing through the proceedings in the First Lawsuit through the motion to strike, the motion to vacate, the appeal, and continuing thereafter through the Appellate Division's decision on August 30, 2023 and continuing in the Second Lawsuit from commencement in January 2024 through its dismissal in January 2025.

66. Throughout this period, plaintiff believed that Kim I. McHale and the McHale Firm were acting as her attorneys in the First and Second Lawsuits, reposing continuing trust and confidence in defendants and in their ability and good faith.

67. As attorneys for plaintiff, defendants owed plaintiff a duty to render legal services in a competent and professional manner and to act with ordinary and reasonable skill, care, and diligence.

68. Upon information and belief, Kim I. McHale is a principal of the McHale Firm and is responsible for the acts and omissions alleged in this Complaint, both individually and by virtue of her position with the McHale Firm.

69. The McHale Firm is vicariously responsible for the acts and omissions of Kim McHale and any of the other attorneys or staff it employed.

70. Defendants acted negligently under the circumstances, failed to provide adequate legal services in accordance with generally accepted standards of the legal profession, and failed to act with ordinary and reasonable skill, care, and diligence.

71. Defendants' negligence consisted of, among other things: failing to comply with court-ordered discovery deadlines in the First Lawsuit; failing to ensure that plaintiff's discovery responses were complete; failing to oppose the defendants' June 29, 2020 motion, pursuant to CPLR § 3126, to strike plaintiff's complaint; failing to monitor NYSCEF filings in the First Lawsuit; failing to discover that plaintiff's complaint had been dismissed until a file review on November 20, 2020; failing to submit competent evidence of a reasonable excuse for the default in support of the motion to vacate, including affidavits from firm staff or computer personnel; failing to maintain an adequate and operational calendar system; failing to contact opposing counsel or the court to seek an extension of time to oppose the motion to strike; failing to timely notify plaintiff of the dismissal of the action; failing to amend the complaint in the First Lawsuit to correctly identify Leo and Kendra; failing to litigate the Second Lawsuit diligently; failing to submit evidence or make legal arguments that would have defeated the motion to dismiss the

Second Lawsuit; failing to perfect the appeal of the dismissal of the Second Lawsuit; failing to keep plaintiff apprised of the status of the First Lawsuit; failing to submit evidence or make legal arguments that would have defeated the motion to dismiss the Second Lawsuit; failing to perfect the appeal of the dismissal of the Second Lawsuit; failing to research and know the law applicable to plaintiff's matters; failing to keep plaintiff apprised of the status of her cases; and failing to properly advise plaintiff and represent her diligently.

72. Through the conduct alleged in this Complaint, defendants also breached the duty of care they owed to plaintiff and violated the New York Rules of Professional Conduct, including, but not limited to, the following Rules:

a. Rule 1.1(a) - by failing to provide competent representation to plaintiff;

b. Rule 1.1(c)(1) - by failing to seek plaintiff's objectives through reasonably available means permitted by law;

c. Rule 1.1(c)(2) - by prejudicing and damaging plaintiff during the course of the representation;

d. Rule 1.3(a) - by failing to act with reasonable diligence and promptness in representing plaintiff;

e. Rule 1.3(b) - by neglecting plaintiff's matter;

f. Rule 1.4(a)(1)(iii) by failing to promptly inform plaintiff of material developments in the matter;

g. Rule 1.4(a)(3) - by failing to keep plaintiff reasonably informed about the status of the matter;

h. Rule 1.4(a)(4) - by failing to promptly comply with plaintiff's reasonable requests for information;

i. Rule 1.4(b) - by failing to explain the matter to plaintiff to the extent reasonably necessary to permit her to make informed decisions regarding the representation;

j. Rule 5.1 - by failing to supervise the work of firm associates; and

k. Rule 5.3 - by failing to adequately supervise the work of non-lawyers.

73. Defendants' negligence was the proximate cause of the dismissal of plaintiff's claims in the First and Second Lawsuits. Neither case would have been dismissed and plaintiff would have prevailed on her personal injury claims on the merits but for defendants' negligence.

74. Plaintiff's underlying personal injury claims were meritorious. The accident arose from the failure of the driver of the other vehicle to stop at a stop sign at the intersection of Pitkin Avenue and Elton Street in Brooklyn, in violation of New York Vehicle and Traffic Law § 1142. Plaintiff had the right of way, and the other vehicle struck her vehicle broadside, causing it to collide with a tree. The police accident report prepared in connection with the accident noted that the driver of the other vehicle did not see plaintiff's vehicle before the impact.

75. Had plaintiff been permitted to litigate either of the First or Second Lawsuits or otherwise resolve her claims on the merits, she would have recovered substantial damages, including damages for past and future pain and suffering for plaintiff's injuries, including her rotator cuff surgery, lumbar disc herniations with nerve root involvement as well as lost earnings for approximately one year, and other permanent injuries described above.

76. Leo and Kendra had insurance, assets, and income sufficient to pay the full amount of any judgment that would have been entered in the First or Second Lawsuit.

77. Defendants' negligence and breach of their duties to plaintiff were a proximate cause of plaintiff's damages as described above.

78. By reason of the foregoing negligence of defendants, plaintiff has been damaged in an amount to be determined at trial, but believed to be substantial and in excess of $75,000, together with prejudgment interest at the legal rate from September 16, 2020, the date the Default Order was entered, through the date of judgment herein.

WHEREFORE, plaintiff Julissa Del Carmen Nolasco respectfully requests that judgment be entered against defendants Kim I. McHale and Kim I. McHale & Associates, P.C., jointly and severally, awarding plaintiff compensatory damages in an amount to be determined at trial, together with prejudgment interest at the legal rate from September 16, 2020, until the date of judgment herein, and such other and further relief as the Court deems just and proper, including attorneys' fees and the costs and disbursements of this action.

Dated: New York, New York
October 2, 2026

SCHWARTZ & PONTERIO, PLLC
*Attorneys for Plaintiff*

By: ____________________________
Matthew F. Schwartz
134 West 29th Street – Suite 1001
New York, New York 10001
Telephone: (212) 714-1200

**JURY DEMAND**

Plaintiff Julissa Del Carmen Nolasco demands a trial by jury on all issues so triable.

Dated: New York, New York
October 2, 2026

SCHWARTZ & PONTERIO, PLLC
*Attorneys for Plaintiff*

By: ______________________________

Matthew F. Schwartz
134 West 29th Street – Suite 1001
New York, New York 10001
Telephone: (212) 714-1200